ANDERSON DODSON P.C.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/2026

September 28, 2026

**Defendants are directed to respond to Plaintiff's letter motion no later than October 2, 2026 by noon.**

**Dated: September 29, 2026**
**White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

Hon. Nelson S. Román
United States District Judge
Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601

<u>VIA ECF ONLY</u>

Re: *Brea Dominguez v. Ribevy Realty Co., LLC, et al.*, No. 7:25-cv-09782 (NSR)
Motion to Compel Execution of Settlement Agreement

Your Honor:

We represent Plaintiff Edison Brea Dominguez in the above-referenced action. We write respectfully to request the Court's assistance in bringing this matter that was settled in principle on May 4, 2026, to a close. Specifically, Plaintiff requests that the Court order Defendants, within at most seven (7) days, either to execute the current draft of the parties' settlement agreement or to file a letter identifying, with specificity, any remaining objection to it so that we can comply with this Court's October 5, 2026, deadline to submit the parties' motion for settlement approval. Plaintiff asks that, in the event Defendants were to fail to do so, Plaintiff be granted leave to file a motion to enforce the current iteration of the settlement agreement or to reopen litigation, at his option.

MEMO ENDORSED

<u>Background</u>

The parties reached a settlement in principle at a court-annexed mediation on May 4, 2026, and the mediator reported the outcome to the Court (ECF No. 16). Plaintiff's counsel circulated a draft written agreement that same day. Over the following months, the parties exchanged drafts and negotiated remaining terms, principally the timing of the settlement payment and enforcement mechanisms in the event of a payment default.

On August 6, 2026, the Court discontinued this action subject to reopening should the settlement not be consummated within thirty days (ECF No. 17). On August 28, 2026, Plaintiff's counsel sent Defendants' counsel a revised agreement—the sixth draft—that adopted Defendants' position that payment would be made after Court approval, and asked whether it was ready to circulate for signature. That same day, with Defendants' consent, the parties jointly requested additional

time to finalize the agreement. The Court granted that request, directed the parties to submit their motion for settlement approval by October 5, 2026, and noted that it would reopen the case in the event the settlement is not consummated (ECF No. 19).

Defendants' Non-Responsiveness

Defendants' counsel has not responded to any communication about the settlement agreement since August 28, 2026. Since then, Plaintiff's counsel and staff have followed up in writing eight times: on September 2, September 9 (twice), September 11, September 15, September 17, September 21, and September 23. The September 23 email advised that, absent a response by 3:00 p.m. ET on September 24, Plaintiff would seek the Court's intervention. No response at all has been received to any of these emails.

A chronology of the written communications between counsel since the mediation is attached as Exhibit A. It reflects that, of the 43 emails exchanged between counsel, Plaintiff's side sent 28 and Defendants' side sent 15. Every one of Defendants' emails was a reply; Defendants have not initiated a single communication about the agreement. Defendants' last communication on any subject was on August 28, 2026, when their counsel consented to the joint letter motion.

Plaintiff is prepared to execute the current draft promptly. Plaintiff's counsel understands the current iteration to address all of the points Defendants' counsel has raised. Without Defendants' signature, or at least their position, however, the parties cannot submit the motion for settlement approval by the October 5 deadline. Plaintiff, a wage claimant, has now waited nearly five months since the mediation for this matter to be finalized. Plaintiff regrets burdening the Court with this issue but has been left with no other means of moving it forward.

Relief Requested

For these reasons, Plaintiff respectfully requests that the Court (1) order Defendants, within seven (7) days, either to execute the current draft of the settlement agreement or to file a letter identifying, with specificity, any remaining objection to it; and (2) should Defendants fail to do so, grant Plaintiff leave to file a motion to enforce the current iteration of the settlement agreement or reopen litigation, at his option.

Thank you for your consideration of these matters.

Sincerely,

Penn Dodson

Penn Dodson, Esq.
*penn@andersondodson.com*

Encl.: Exhibit A
cc: All counsel of record (via ECF)